UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ALEXANDRA-MARIE DEAN,

*Plaintiff*,

v.

MIKE JOHNSON, *et al.*,

*Defendants*.

Civil Action No. 25-4361 (UNA)

---

## Memorandum Opinion

Plaintiff, proceeding pro se, brings this action against Speaker of the U.S. House of Representatives Mike Johnson and 130 state and federal judges and justices, alleging they are engaged in a criminal enterprise that traffics and abuses children. ECF No. 1. She has also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. For the reasons below, the court grants the motion to proceed *in forma pauperis* and dismisses the complaint without prejudice for lack of subject-matter jurisdiction.

A court may dismiss a complaint *sua sponte* for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). When a complaint is "'patently insubstantial,' presenting no federal question suitable for decision," the court lacks authority to hear the case and dismissal is warranted. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). That standard includes cases that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (collecting cases dismissed "for

patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins").

Here, the complaint's allegations are patently insubstantial and deprive the court of jurisdiction to hear the case. For example, the complaint alleges that Chief Justice John Roberts "[e]nrich[es] himself through the commodification of children" by participating in "judicial kidnapping" and a "conspiracy to maintain a racketeering enterprise." ECF No. 1 at 39. It further alleges that Defendants' "enterprise . . . orchestrat[es] mass trafficking that constitutes a genocide of children on a global scale." *Id.* at 44. According to the complaint, this "Judicial Racket Enterprise" has "systematically weaponized Title IV funding, guardianship proceedings, and custody litigation to traffic children, launder federal funds, and silence dissent." *Id.* at 53. The complaint alleges that "[b]eyond trafficking, the enterprise perpetuated acts of cannibalism and other grotesque abuses shielded by the absence of explicit federal prohibition on cannibalism and further protected by wealth, secrecy, and corrupt judicial mechanisms." *Id.* at 46. These allegations are similar to those that courts have routinely dismissed for "patent insubstantiality." *Tooley*, 586 F.3d at 1010 (collecting cases).

For these reasons, the court grants the motion to proceed *in forma pauperis*, ECF No. 2, and dismisses the complaint without prejudice for lack of subject-matter jurisdiction. A separate order accompanies this memorandum opinion.

/s/
_____

AMIR H. ALI
United States District Judge

Date:   April 16, 2026